484 S.E.2d 108

The STATE, Respondent,

v.

Tracy Darryl COX, Appellant.

No. 2646.

Court of Appeals of South Carolina.

Submitted Feb. 4, 1997.

Decided March 17, 1997.

Assistant Appellate Defender Robert M. Dudek, of SC Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General G. Robert DeLoach, III, Columbia; and Solicitor David Price Schwacke, North Charleston, for respondent.

CONNOR, Judge:

Tracy Darryl Cox and Laura Marshall, his co-defendant, pleaded guilty to strong armed robbery. The trial judge held Cox and Marshall jointly and severally liable for restitution to the victim. Cox appeals. We affirm.

## Facts and Procedural Background

On June 24, 1994, Marshall and John Wojcik planned a robbery. Marshall was to pick up a man in a bar, get him to give her money for sex, then steal the money. Wojcik was to follow to make sure Marshall did not get hurt.

That night Marshall, Cox, and Wojcik went to the Old Dorchester Club to carry out their plan. There Marshall met Michael Albert and asked him to go with her to Duncan's Boat Landing, ostensibly to watch the sun come up. They left the bar in a cab. Unbeknownst to Albert, Wojcik and Cox followed in Cox's pick-up.

When Wojcik and Cox arrived, Marshall and Albert were sitting on a picnic table, talking. Wojcik came up behind Albert and stabbed him with a knife, severing his jugular vein as Cox stood nearby. Thereafter Wojcik stole Albert's portable phone, his pager, and his money. All three then fled in Cox's truck. They went to Cox's mother's garage to hide out for awhile and split the money.

Cox and Marshall were indicted for armed robbery and assault and battery with intent to kill. They both pleaded guilty to common law robbery and agreed to testify against Wojcik. After a trial, the jury convicted Wojcik of armed robbery and aggravated assault. The trial judge sentenced him to 30 years for armed robbery, with 10 years consecutive for aggravated assault.

The judge subsequently had a separate sentencing hearing for Cox and Marshall. He sentenced Cox to fifteen years, suspended on service of two years, with five years probation. He gave Marshall fifteen years, suspended on the service of four years, with probation for five years.

At an ensuing restitution hearing, the court held Cox and Marshall jointly and severally liable for $11,853.86 restitution. Both were ordered to pay $30.00 per week beginning 60 days

after they were released from prison. The judge further provided he would retain jurisdiction, so that if the victim received more than the amount of restitution due, either defendant who had paid more than his or her share would receive a refund.

## Analysis

 Cox appeals only the joint and several nature of the restitution, not the amount. He argues because he is the least culpable of the three persons who took part in the attack, he should pay, at most, only one-third of the total amount of restitution.

The trial judge has broad discretion in determining the manner, method, and amount of restitution. South Carolina Code Ann. § 17–25–322 (Supp.1996). The judge may take a number of things into account:

(1) the financial resources of the defendant and the victim and the burden that the manner or method of restitution will impose upon the victim or the defendant;

(2) the ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court;

(3) the anticipated rehabilitative effect on the defendant regarding the manner of restitution or the method of payment;

(4) any burden or hardship upon the victim as a direct or indirect result of the defendant's criminal acts;

(5) the mental, physical, and financial well-being of the victim.

*Id.* § 17–25–322(B). The judge must make specific findings of the underlying facts and circumstances on the record. *Id.* § 17–25–322(C).

Here, after making detailed findings supporting his decision, the trial judge concluded the victim's medical bills and lost wages totalled $11,853.80. He specifically found the defendants able-bodied, and calculated each should pay thirty dollars a week, based on a forty-hour week at minimum wage.[1]

---

1. According to Cox's lawyer, the pre-sentence report stated Cox had the ability to pay $174 per month.

Additionally, he established a reasonable installment schedule. He stated he considered the rehabilitative effect on the defendants, the burden or hardship on the victim, and the mental, physical, and financial well-being of the victim.

Cox argues the judge abused his discretion by imposing restitution without considering culpability, citing a California case as authority for his argument. *People v. Kay*, 36 Cal. App.3d 759, 111 Cal.Rptr. 894 (1973). However, *Kay* and the case before us have vast factual differences. *Kay* involved a sit-in by 123 demonstrators at Stanford University Hospital. Of the 123 demonstrators, 18 were convicted in municipal court and ordered to pay no restitution. Five were convicted of felony assault and felony battery on police officers. The trial judge ordered each of these five to pay restitution of one-fifth of the property damages to the hospital, totalling over $40,000. The California Court of Appeal reversed, noting specifically the trial judge had not inquired about the defendants' abilities to pay, nor their culpabilities in relation to the other participants.

Our legislature has mandated that victims of crimes against person or property receive restitution when a defendant is placed on probation "unless the court finds a substantial and compelling reason" not to do so. S.C.Code Ann. § 16–3–1530(D)(3) (Supp.1996). The trial judge here fully complied with the statute. He did not err by ordering the two co-defendants who received lighter sentences with probation to pay restitution where the third defendant involved had been sentenced to a lengthy jail term. Under these circumstances, neither did he err by ordering joint and several liability in order to assure the victim was fully compensated.

**AFFIRMED.**

GOOLSBY and HUFF, JJ., concur.