THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
David Kohn,       
Appellant.
 
 
 

Appeal From Florence County
James E. Brogdon, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-247
Submitted January 29, 2003 - Filed April 
 2, 2003

AFFIRMED AS MODIFIED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia; 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 of Columbia; Solicitor Edgar Lewis Clements, III, of Florence; for Respondent.
 
 
 

PER CURIAM:  David Kohn pled guilty to conspiracy 
 and was sentenced, under the Youthful Offender Act, 
 [1] for a period not to exceed five years, suspended, with probation for 
 two years.  After a restitution hearing, the trial judge amended the sentence 
 to four years probation and ordered restitution in the amount of $2,975.  Kohn 
 appeals.
FACTS
Kohn was indicted for grand larceny.  The State alleged he 
 and another individual stole a vehicle and removed the stereo, speakers, and 
 approximately 30 compact discs.  The owner of the vehicle alleged $5,064 in 
 damages.  The State agreed to have Kohn enter a guilty plea for conspiracy.  

At the plea hearing, the judge explained the maximum possible 
 sentence for the offense, and explained that Kohn had the right to a jury trial.  
 Kohn stated that he wished to waive his right to a trial and plead guilty.  
 The plea judge ascertained that Kohn had adequate time to consult with counsel, 
 and that he had not been coerced or pressured in any way.  After a recitation 
 of facts by the State, the plea judge accepted Kohns plea, finding it was freely 
 and voluntarily entered.  The judge sentenced Kohn under the Youthful Offender 
 Act for a period not to exceed five years, which was suspended on two years 
 probation.  However, the judge stated that he was free to alter the sentence 
 after the restitution hearing.  
Two witnesses testified at the restitution hearing  Kohn 
 and the vehicle owner, Darlene Heckman.  Heckman stated that, after she purchased 
 a 1990 Honda for her son, she installed a new stereo and speakers.  She testified 
 the cost of the stereo  including installation  was $400, the speakers were 
 $300, and the compact discs were worth approximately $300.  Heckman also testified 
 that some of the interior trim was damaged, which would cost $175 to replace.    

Heckman stated that, prior to the incident, the car was 
 in really good shape.  However, she further testified that, though the car 
 was driven to her home from the police impound lot, it would not start three 
 days later.  Heckman stated the car never cranked again.  Heckman testified 
 she towed the car to a mechanic, who gave her a repair estimate of $1,800. 
 [2]   Yet, as to this $1,800 worth of damage, Heckman admitted, I cant 
 say that just what had happened or how it had been driven caused the damage 
 to the car not to drive and I cant sit here and say that that was caused 
 by the defendant.  
Kohn testified that his co-conspirator actually drove Heckmans 
 car, while he followed behind in his own vehicle.  He stated the two cars traveled 
 approximately four miles at 50 miles per hour.  Kohn testified that, while he 
 did not drive the stolen vehicle, he did not notice any mechanical difficulties 
 or unusual noises.  Kohn testified the car was in mechanical order when he 
 left it, and that he had not damaged the interior of the car.  
At the close of the restitution hearing, defense counsel 
 contested inclusion of the $1,800 in mechanical damage to the car.  Counsel 
 contended no connection had been made between Kohns actions in stealing the 
 car and the stereo equipment and the subsequent mechanical failure.  He stated 
 Kohn did not object to the $1,175 sum resulting from damage to the trim and 
 loss of the stereo, speakers, and compact discs.  The trial judge stated he 
 believed a sufficient showing [had] been made by the State and found there 
 was evidence to establish the connection between the ultimate damage to the 
 vehicle and the acts of Mr. Kohn and the person who was with him.  
LAW/ANALYSIS
Kohn argues the plea judge erred in ordering him 
 to pay restitution for the mechanical failure of the victims car when the State 
 failed to prove by a preponderance of the evidence that his actions caused the 
 mechanical failure.  
The trial judge has broad discretion in determining 
 the manner, method, and amount of restitution.  State v. Cox, 326 S.C. 
 440, 442, 484 S.E.2d 108, 109 (Ct. App. 1997).  The judge must make specific 
 findings of the underlying facts and circumstances on the record.  Id.  
 See also S.C. Code Ann. § 17-25-322 (2002).
Initially, we note the plea judge failed to make 
 specific findings regarding the underlying facts in this case.  The judge simply 
 found there was sufficient evidence to establish a connection between Kohns 
 act of working with another to steal Heckmans car and the cars subsequent 
 mechanical failure.  As such, the trial judge was in error.  See S.C. 
 Code Ann. § 17-25-322(C) (2002) ([t]he court shall enter its order upon the 
 record stating its findings and the underlying facts and circumstances of them); 
 State v. Cox, 326 S.C. at 442, 484 S.E.2d at 109.    
Regardless, we find the plea judge abused his discretion 
 in requiring Kohn to make restitution for the $1,800 worth of mechanical damage 
 to the car.  The only evidence in the record to substantiate the $1,800 sum 
 is Heckmans testimony.  However, Heckmans testimony does not describe the 
 nature of either the damage or the necessary repairs.  While Heckman testified 
 a mechanic provided her with this $1,800 estimate, the estimate was not entered 
 into evidence, and the mechanic neither testified at the restitution hearing 
 nor submitted an affidavit detailing the repairs.  
Furthermore, as Heckman admitted at the hearing, 
 there is no proof that Kohns action in stealing the car and its stereo components 
 in any way caused or contributed to the cars mechanical problems.  Kohn testified 
 the car was in mechanical order when he left it, and Heckman testified the 
 car was driven home from the police impound lot immediately after the incident.  
 We fail to see any kind of causal link between the theft of the vehicle and 
 the ensuing mechanical failure of an eleven year old vehicle.  Accordingly, 
 the trial judge abused his discretion in finding there was evidence to establish 
 a connection between Kohns actions and the ultimate damage to the car.    
CONCLUSION
Based upon the foregoing, Kohns plea and sentence 
 are affirmed and the amount of restitution modified from $2,975 to $1,175. 
AFFIRMED AS MODIFIED.
HEARN, C.J., GOOLSBY and SHULER,
JJ., concur.

 
 [1] S.C. Code Ann. §§ 24-19-10 to -160 (1989 & 
 Supp. 2002).

 
 [2] Heckman opted not to spend the $1,800 to repair 
 the vehicle.