THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Lawrence W. Morris, Appellant.
 
 
 

Appeal From Colleton County
John C. Few, Circuit Court Judge

Unpublished Opinion No. 2007-UP-198
Submitted April 2, 2007  Filed May 1, 2007

AFFIRMED

 
 
 
 Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant. 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; Solicitor I. McDuffie Stone, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  Lawrence W. Morris appeals the imposition of restitution by the circuit court.  We affirm.[1]
FACTS
Morris and his brother entered an unoccupied but furnished home in the nighttime.  The home had been burgled sometime that day or in the previous week.  While Morris was in the home, the police arrived.  Morris ran out the back door, leaving his vehicle in the yard. 
The State indicted Morris for willfully and unlawfully enter[ing] the dwelling of [the victim] without consent and with the intent to commit a crime therein . . . in the nighttime.  At a guilty plea hearing, Morris denied taking anything from the house and explained he was there to purchase drugs.  The trial court accepted his plea on that basis, stating:  The crime does not have to be stealing but a crime.  And youve admitted to doing that so I will accept the guilty plea.  The court sentenced Morris to six years under the Youthful Offenders Act (YOA).  
Ten days later, a different judge presided over a restitution hearing.  Morris argued he should not have to pay restitution because he had not admitted to stealing any property.  The victim testified approximately $159,000 worth of personal property was missing from the house.  Morris ex-girlfriend testified Morris admitted breaking into a home.  She further testified she saw numerous items at Morris house that she believed were stolen.  Morris did not admit to her that he stole the items.  
The trial court found it did not have to make a specific finding about the amount stolen or that the defendant stole each one of these items in order to impose restitution.  The court concluded Morris was involved in the theft of the property from the home and ordered Morris to pay $200 per month while on YOA parole, amounting to approximately $12,500.  Morris appeals the restitution order.  
LAW/ANALYSIS
Morris argues the trial court erred in ordering restitution because he did not admit to stealing any of the items and therefore his conviction did not support the award of restitution.  We disagree.  The trial judge has broad discretion in determining the manner, method, and amount of restitution.  State v. Cox, 326 S.C. 440, 442, 484 S.E.2d 108, 109 (Ct. App. 1997).  South Carolina Code Section 17-25-322 governs this issue and permits the trial court to take a number of things into account, including:  1) the financial resources of the defendant and the victim; 2) the ability of the defendant to pay restitution; 3) the anticipated rehabilitative effect on the defendant; 4) the effects on the victim of the defendants criminal acts; and 5) the mental, physical, and financial well-being of the victim.  S.C. Code Ann. § 17-25-322(B) (2003).  The judge must make specific findings of the underlying facts and circumstances on the record.  S.C. Code Ann. § 17-25-322(C) (2003).
At the restitution hearing, the trial court heard the testimony of the defendant and the victim.  The court found:  for purposes of this restitution hearing, [Morris] was involved in the theft of . . . items from that house . . . .  The court acknowledged the victim claimed losses of $159,000 and concluded it was not necessary to make a specific finding as to the value of items stolen.  The court considered Morris support obligation to his child, and other factors, and found Morris would be unable to pay restitution of $159,000.  The court thus ordered $200 per month during parole, totaling approximately $12,500.  We find the court sufficiently considered the statutory factors in imposing restitution and discern no abuse of discretion.  
AFFIRMED.
HEARN, C.J., GOOLSBY, and STILWELL, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.