**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Gene Donald Cook, Jr., Appellant.

Appellate Case No. 2015-001922

———————————

Appeal From Edgefield County
R. Knox McMahon, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-174
Submitted February 1, 2017 – Filed April 19, 2017

———————————

**AFFIRMED**

———————————

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Donald V. Myers, of Lexington, all for Respondent.

———————————

**PER CURIAM:**  Gene Donald Cook, Jr. appeals the imposition of $9,999 in restitution following his guilty plea for receiving stolen goods valued between $2,000 and $10,000,[1] arguing: (1) the restitution court abused its discretion by ordering restitution in excess of the value of the stolen goods Cook admitted to receiving; and (2) the restitution court erred by ordering restitution of $9,999 because it overruled the earlier sentence of the plea court.  We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the restitution court abused its discretion by ordering restitution in excess of the value of the stolen goods Cook admitted to receiving: *State v. Morgan*, 417 S.C. 338, 341, 790 S.E.2d 27, 29 (Ct. App. 2016) ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law."); *State v. Cox*, 326 S.C. 440, 442, 484 S.E.2d 108, 109 (Ct. App. 1997) ("The [restitution court] has broad discretion in determining the manner, method, and amount of restitution."); *id.* at 443, 484 S.E.2d at 110 (holding joint and several liability of codefendants for restitution is proper to assure victims are fully compensated).

2. As to whether the restitution court erred by ordering restitution of $9,999 because it overruled the earlier sentence of the guilty plea: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [restitution court].  Issues not raised and ruled upon in the [restitution] court will not be considered on appeal.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] The sentencing sheet cited the proper statute but incorrectly noted the subsection and value of the stolen goods to be between $1,000 and $5,000.  However, the record reflects he pled guilty to receiving stolen goods valued between $2,000 and $10,000.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.