19394

The NEW SOUTH LIFE INSURANCE COMPANY, Petitioner, v. John W. LINDSAY, Chief Insurance Commissioner, Respondent, and Dorothy Coaxum, Applicant.

(187 S. E. (2d) 794)

*James A. Stuckey, Jr., Esq.,* of Charleston, *for Applicant.*
*Glen E. Craig, Esq.,* of Columbia, *for Respondent.*

*Messrs. Belser, Belser, Baker & Barwick, McNair, Konduros & Corley,* and *Matthew J. Perry,* all of Columbia, *for Petitioner.*

March 27, 1972.

*Per Curiam:*

This is an application by Dorothy Coaxum to the Court in its original jurisdiction for a Writ of Prohibition directed to the Richland County Court, restraining and prohibiting the said Court from further proceedings in the above entitled action on the ground that the Richland County Court lacks jurisdiction of the subject matter therein.

This Court has the power, pursuant to Article V, Section 4, of the 1895 Constitution of this State, to issue a writ of prohibition. This authority is also stated in Section 15-121 of the Code.

The grounds and occasions for the granting of a writ of prohibition were recently stated in the case of *Berry v. Lindsay,* 256 S. C. 282, 182 S. E. (2d) 78, by quoting from *Ex parte Jones,* 160 S. C. 63, 158 S. E. 134, the following:

" 'The ancient prerogative writ of prohibition has been recognized and employed in the common-law system of jurisprudence for more than seven centuries, and like all prerogative writs should be used with forebearance and caution, and only in cases of necessity.

\* \* \*

" 'With regard to the function and scope of the writ, it has been settled in this state from an early period that it will

only lie to prevent an encroachment, excess, usurpation, or improper assumption of jurisdiction on the part of an inferior court or tribunal, or to prevent some great outrage upon the settled principles of law and procedure; but, if the inferior court or tribunal has jurisdiction of the person and subject-matter of the controversy, the writ will not lie to correct errors and irregularities in procedure, or to prevent an erroneous decision or an enforcement of an erroneous judgment, or even in cases of encroachment, usurpation, and abuse of judicial power or the improper assumption of jurisdiction, where an adequate and applicable remedy by appeal, writ of error, *certiorari,* or other prescribed methods of review are available.' "

The New South Life Insurance Company is a South Carolina corporation engaged in business as an insurer and writing insurance contracts on an ordinary life plan, including endowment provisions therein, monthly debit ordinary plan with an endowment provision therein and hospital and surgical benefit policies.

The New South Life Insurance Company, the petitioner herein, commenced an action in the Richland County Court against John W. Lindsay, Chief Insurance Commissioner of the State of South Carolina, for injunctive relief and requesting that a plan of rehabilitation be ordered by the county court pursuant to the authority contained in Section 37-297, *et seq.* of the Code, such implementation being necessary as a result of the discovery that "a substantial deficit of approximately $8,000,000.00 existed in the Company's reserves." The plan of rehabilitation would permit the insurance company to continue its normal mode of operation but would impose liens on the cash surrender and loan values of certain policies and the maturity value of endowment policies, all in the amount of 50%, such being applicable to all policies existing as of December 31, 1971. It is unnecessary to state the other details and provisions of the proposed rehabilitation plan.

In the petition of the insurance company it is alleged that: "Your Petitioner earnestly believes that your Petitioner has a going concern value of several millions of dollars which will be lost to its policyholders and stockholders unless the above-described plan of rehabilitation, with such appropriate modifications as this Court may direct, is adopted and that the failure to permit the rehabilitation of Petitioner will result in the loss of several millions of dollars otherwise available to its policyholders and stockholders."

Dorothy Coaxum, the applicant here for the writ of prohibition, is an endowment policyholder with the insurance company and upon proper motion was permitted to intervene in the action pending in the lower court. After becoming a party, she moved to dismiss the action on the ground that the Richland County Court lacked jurisdiction of the subject matter. This motion was taken under advisement by the presiding judge and the hearing of the cause was continued. Notice of the application to this Court for a writ of prohibition was served on all parties on March 13, 1972, and oral arguments upon the motion were heard by this Court on March 16, 1972.

The New South Life Insurance Company made a return to the application for the writ of prohibition alleging (1) that the Richland County Court has jurisdiction of the subject matter of this action under the provisions of Section 15-764.2 of the Code, in that the insurance company seeks a review of an order issued by the insurance commissioner pursuant to Section 37-70 of the Code; (2) that the Richland County Court has jurisdiction of the subject matter of this action under the provisions of Section 15-764 of the Code, on the grounds that the cause is a civil case or special proceeding in which there is no money demand and that the cause is one in which the right involved cannot be monetarily measured; (3) and that the Richland County Court has jurisdiction of the subject matter pursuant to Sections 37-297 *et seq.,* which is a general law and statutory provi-

sion applicable generally to the circuit courts of this State within the purview of Section 15-766 of the Code, and by reason thereof has jurisdiction to approve, disapprove, or modify a plan of rehabilitation for an insurance company.

Under Section 15-764.2 of the Code, it is provided that "the county court shall have the same appellate jurisdiction for all criminal and civil matters as the court of common pleas and the court of general sessions." The insurance company contends that the quoted section gives the Richland County Court jurisdiction to review an order issued by the insurance commissioner pursuant to Section 37-70 of the Code. It is provided in Section 37-70 of the Code, that any order or decision made, issued or executed by the insurance commissioner shall be subject to review in the circuit courts of this State on petition by any person aggrieved thereby. Section 37-72 of the Code, provides that the insurance commissioner shall within thirty days after the service of the copy of the petition for review upon him, prepare and file with the clerk of the court a complete transcript of the hearing, if any, and a true copy of the order or decision duly certified. It is further provided that the cause shall be heard by the court as a civil case upon such transcript of the record. Section 37-73 of the Code, gives the court jurisdiction to review the facts and the law and to affirm, modify or set aside the order or decision of the insurance commissioner and to restrain the enforcement thereof.

It appears from the allegations of the petition filed by The New South Life Insurance Company that in 1970, at a time when it was considering expansion of its operations into other states, it employed a firm of actuarial and management consultants to conduct an independent review of its affairs. In the course of their examination, this firm concluded that the reserves which had been established by the company with respect to its policies were below those presently required and that a substantial deficit of approximately $8,000,000 existed in the reserves. It was further alleged that these consultants concluded that the deficit in the com-

pany's reserves was attributable to data processing errors. It is then alleged that upon receipt of this report, the insurance company made a full report and disclosure of the same to the Insurance Commissioner and took corrective action thereabout. It is then alleged that the Department of Insurance, after an independent investigation of its own, arrived at substantially the same conclusion as the consultants did, with respect to the fixing of the amount of the required reserves, "with the correctness of which your petitioner has no dispute." The insurance company, pursuant to a request, was granted a hearing with respect to said report and such hearing was held on February 1, 1972, and the Insurance Commissioner rendered his decision thereon on February 7, 1972. It is also alleged that the insurance company is informed and believes that "the Chief Insurance Commissioner may feel required to take some action which your petitioner believes would not be in the best interest of its policyholders unless restrained therefrom." It is then alleged that a plan of rehabilitation has been prepared by the consultants and "has been tentatively approved in principle by the Chief Insurance Commissioner."

It appears from the recitals of the allegations of the insurance company's petition that it is not seeking any review of any decision made by the Insurance Commissioner. Even though the insurance company asks, in its prayer for relief, that the Court review the order of the Insurance Commissioner with respect to the hearing on the Department's report of examination, above referred to, there is no allegation that it was aggrieved thereby or that there was any error therein. This action is not for the review of any order or decision of the Insurance Commissioner but is one to have the Court approve the adoption of a plan of rehabilitation for the company. It follows that the jurisdiction of the Richland County Court cannot be sustained as a review of any order issued by the Insurance Commissioner pursuant to Section 37-70 of the Code.

The jurisdiction of the Richland County Court is set forth in Section 15-764 of the Code, as amended, the pertinent portion thereof being as follows:

"The county court shall have concurrent jurisdiction with the court of common pleas in all civil cases and special proceedings, both at law and in equity, when the amount demanded in the complaint does not exceed fifteen thousand dollars or when the value of the property involved does not exceed fifteen thousand dollars and in all other civil cases and special proceedings, both at law and in equity, in which there is no money demand or in which the right involved cannot be monetarily measured. * * *"

Under the foregoing statute, the Richland County Court has jurisdiction (1) when the amount demanded in the complaint or the value of the property involved does not exceed fifteen thousand dollars; (2) when there is no money demand; and (3) when the right involved cannot be monetarily measured.

The Richland County Court can exercise only the jurisdiction expressly conferred by Section 15-764 of the Code. It is true that there is no monetary demand made in the petition but we think it abundantly clear from the allegations thereof that the value of the property involved exceeds fifteen thousand dollars. It is admitted in the petition that there is a deficit of approximately $8,000,000 in the company's reserves and under the rehabilitation plan submitted to the Court, this deficit is to be replaced by the imposition of a 50% lien upon the cash surrender and loan value of certain policies and the maturity value of the endowment policies. It is thus apparent that the value of the property involved does exceed fifteen thousand dollars. It is also apparent from the pleadings that the right involved can be monetarily measured because the plan places a lien of 50% of the monies due on the policies involved. The petitioner alleges that the company as a going concern has a value of several millions of dollars which would be lost to

its policyholders and stockholders in the event that the Court does not approve the above described plan of rehabilitation, with such appropriate modifications thereof as the Court may direct. It is our conclusion that the value of the property involved in this action which can be monetarily measured exceeds the sum of fifteen thousand dollars. It follows that the Richland County Court is without jurisdiction to entertain this action.

Under Section 37-297.1 of the Code, provision is made for an action or proceeding for the purpose of rehabilitating an insurance company and under Section 37-297.2 of the Code, such action or proceeding may be brought before the circuit court in any county of this State. It is the position of the insurance company that such is a general law and statutory provision applicable generally to the circuit courts of this State and that the Richland County Court has jurisdiction pursuant to Section 15-766 of the Code, to approve, disapprove or modify a plan of rehabilitation for an insurance company. This statutory provision does not purport to confer jurisdiction upon the Richland County Court but it is apparent that by reason of Section 15-766, and also Section 15-767, of the Code, that the General Assembly of this State intended that all general laws and statutory provisions, including the same rules of procedure and practice as apply in the circuit courts of this State, be applicable to the Richland County Court. *Thomas & Howard Co. v. Marion Lumber Co.,* 232 S. C. 304, 101 S. E. (2d) 848.

It is our conclusion that the Richland County Court is without jurisdiction of the subject matter of this action. This being true, it is the judgment of this Court that the writ of prohibition be, and the same is hereby, granted and the Richland County Court is declared to be without jurisdiction to entertain this action.