## 20277

The STATE, Respondent, v. Lawrence PARKER et al., Defendants-Appellants, and Allen Walker et al., Sureties-Appellants.

(227 S. E. (2d) 677)

---

[2] In *Tabory*, Prest, a State's witness, testified that he discussed the loading and boating of the marijuana with defendant.

318

*Messrs. Coming B. Gibbs, Jr.* and *A. Hoyt Rowell, III* of *Gibbs, Gaillard, Rowell & Tanenbaum,* and *G. M. Howe, III,* of *Howe & Howe,* and *Barry Krell,* of *Uricchio, Howe & Krell,* Charleston, *for Appellants,*

320

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker*
and *Richard P. Wilson, Asst. Attys. Gen.,* of Columbia, and
*Robert B. Wallace, Sol.,* and *A. Arthur Rosenblum, Asst.
Sol.,* of Charleston, *for Respondent,*

August 19, 1976.

RHODES, Justice:

The appellants, Lawrence Parker, Nathaniel Walker, Dorthula Walker and John Love, were arrested on March 1, 1975, and charged with violating the South Carolina Drug Act (possession of methadone for distribution and possession of marijuana). On March 3, 1975, the appellants were released on recognizance bonds signed by the appellants, Allen Walker, Marie Walker, Henry Lawson and Henry Smith.[1]

At the October 1975 Term of the Court of General Sessions for Charleston County, the grand jury returned an indictment against appellants charging them as above set forth. Bench warrants were issued for appellants on October 27, 1975, by the Honorable Clarence E. Singletary, Resident and Presiding Judge, upon failure of appellants to appear at the call of the indictment. On October 28, 1975, in accordance with the provisions of S. C. Code § 17-311 (1962), all parties bound by the subject recognizances were summoned to show cause why judgment should not be confirmed. As noticed, the Rule to Show Cause hearing was thereafter held before the court on October 31, 1975, at which time counsel for appellants appeared without their clients. Fol-

---

[1] The word "appellants" will be used to denominate both the defendants and sureties throughout this opinion except where the issue discussed involves the defendants-appellants only.

lowing arguments by counsel, the court ordered portions of the subject recognizance bonds estreated and additionally sentenced each appellant to pay a fine of $2,000 or serve 2 years for failure to appear. We affirm in part and reverse in part.

The appellants contend that the trial judge erred in exercising jurisdiction in the estreatment proceedings in that a preliminary hearing had not been held previous to the indictment being returned by the grand jury. They argue, citing S. C. Code § 43-242 (1962), and the reported cases dealing therewith, that the failure to hold a preliminary hearing, timely demanded in writing, delayed the acquisition of jurisdiction by the Court of General Sessions to indict or try the accused until such a preliminary hearing was held. They seek to extend such rule by contending that such a statutory defect renders any estreatment proceeding null and void.

Appellants position fails to recognize the fact that the circuit court's acquisition of jurisdiction for estreatment purposes is entirely independent of that necessary to dispose of the case on its merits. It is well settled law in this State that the court of general sessions has exclusive jurisdiction of proceedings to forfeit a recognizance for appearance to answer a charge in that court. *State v. Quattlebaum,* 67 S. C. 203, 45 S. E. 162 (1903); *State v. Bailey,* 248 S. C. 438, 151 S. E. (2d) 87 (1966). This Court has often held that a recognizance is an obligation of record in the case and the cognizors thereby voluntarily submit themselves to the jurisdiction of the court as parties with respect to proceedings of estreatment. *State v. Bailey, supra.* The lower court's jurisdiction in this matter was entirely independent of any legal question concerning the validity of the indictment. Appellants were obligated by contract to answer the indictment by their presence whether valid or not.

The questions of whether appellants timely requested preliminary hearings and were not afforded the same were entirely irrelevant to the issues before the court at the Rule to Show Cause hearing of October 31, 1975, and its exercise of estreatment jurisdiction at such time. *State v. Williams,* 84 S. C. 21, 65 S. E. 982 (1909). The following statement of Judge Singletary correctly sets forth the proper rationale on this question, which was made in response to counsel's objection that a preliminary hearing had not been held:

"Well, this [Appellants' presence] is the condition of the bond, which is independent of any legal question you might want to raise. I don't see how you can take the position that you can ignore the condition of the bond because you have a legal issue you want to raise before the court."

The appellants next argue the propriety of the lower court's holding that they were not entitled to a preliminary hearing, such issue being brought before the court by means of a motion to quash the indictment. As above stated, this question was irrelevant to the court's inquiry as to the appellants' failure to appear. It is well settled law that this question is not now properly before the Court in that the appellants have not to date received judgment and sentence in the court below under the subject indictment. A motion to quash an indictment is appealable only from a final judgment in the court below. *State v. McMillan,* 189 S. C. 444, 1 S. E. (2d) 626 (1939), and cases collected at 7A West's S. C. Digest, Criminal Law, Key Nos. 1023(8), (9). It is clear that the appeal of this question is premature at this time.

The next question raised by appellants is that the lower court erred in conducting the Rule to Show Cause hearing in this case at the same term of General Sessions as that in which the Rule itself was issued.

The procedure for estreatment of bonds in criminal cases is controlled by S. C. Code § 17-311 (1962). *State v. Holloway,* 262 S. C. 552, 206 S. E. (2d) 822 (1974). This

statute requires, in pertinent part, that upon breach of a recognizance by noncompliance a summons or rule will be issued summoning all parties "to be and appear at the next ensuing court of sessions to show cause, if any he has, why judgment should not be confirmed against him . . ."

The required summons or rule was issued on October 28, 1975, and noticed a hearing in the case to be held on October 31, 1975, at which time all appellants were represented by counsel, but failed to appear personally as required. Appellants construe the phrase "next ensuing court of sessions" as meaning the next ensuing *term* of general sessions court. However, the construction of this language is not required in that appellants have neither demonstrated prejudice from the conduct of the hearing at the time specified in the Rule, nor did they interpose a timely objection upon which to base such an argument in this Court. Not having raised the issue now contended for at the time of the hearing, they may not now be permitted to raise the question for the first time on appeal in violation of the settled rule of appellate practice in this State. *Powers v. City of Aiken,* 255 S. C. 115, 177 S. E. (2d) 370 (1970).

The last issue raised by appellants is that they were deprived of their constitutional rights when each of them was summarily sentenced to the service of two years in prison or the payment of a $2,000 fine. Although the trial judge did not set forth the specific authority under which the sentences were imposed, both appellants and respondent agree that the authority used by the trial judge was S. C. Code § 17-300.8 (Cum. Supp. 1975), with which we are in accord.

The sentences imposed on the appellants were in addition to the forfeiture of bonds as above stated. Section 17-300.8 provides:

"Whoever, having been released pursuant to § 17-300 through 17-300.9, wilfully fails to appear before the court

as required shall forfeit any security which was given or pledged for his release and, in addition, shall:

(a) If he was released in connection with a charge of felony, or while awaiting sentence after conviction, be fined not more than five thousand dollars or imprisoned not more than five years, or both; or

(b) If he was released in connection with a charge of misdemeanor, be fined not more than one thousand dollars or imprisoned for not more than one year, or both."

Section 17-300.9 further provides that the preceding section does not affect the power of a court to punish for contempt.

The appellants contend that § 17-300.8 states a crime against the State of South Carolina, that is, the wilful failure to appear before a court after having been released on bond under provision of the Bail Bond Act. The respondent argues that the additional penalty of § 17-300.8 is not in reality a new crime but rather is more properly viewed as a condition subsequent to the accused's failure to perform the terms of the contract of recognizance.

A crime is generally defined as an act which is committed or omitted in violation of a public law commanding or forbidding the act. To this definition the authorities generally add the requirement that there be some punishment attached to a violation of law. 21 Am. Jur. (2d), Criminal Law § 1 (1965). The following language from *State v. Brown,* 221 N. C. 301, 20 S. E. (2d) 286, 289 (1942), is helpful on this issue:

" 'The doctrine is well settled that where the statute either makes an act unlawful, or imposes a punishment for its commission, such act becomes a crime, without any express declaration that it shall be a crime or of its grade.' "

It is our opinion that § 17-300.8 creates a substantive crime independent of contempt and, therefore, in prosecu-

tions under it, all requisite constitutional guaranties must be observed. *Sclamo v. Commonwealth,* 352 Mass. 576, 227 N. E. (2d) 518 (1967).

The appellants were never served with any judicial process requiring their presence in court to answer charges of violating § 17-300.8. They were given no notice that they had been accused of violating § 17-300.8, and were never given any opportunity to appear and defend themselves or present witnesses against this charge. The appellants were sentenced in a completely summary manner, and there is no contention by the State that any of the normal constitutional safeguards accruing to a person charged with a crime were observed. One of the charges on which the appellants were indicted is classified as a felony which subjected the appellants to a maximum sentence of five years and $5,000 under the provisions of § 17-300.8. Having held that the statute creates a substantive crime, it follows that a prosecution under this statute can only be initiated through an indictment by the grand jury and the observance of all other State and Federal Constitutional rights guaranteed a defendant in any criminal trial. S. C. Const. Art. I, § 11.

Accordingly, the action of the lower court in estreating a portion of the bonds is affirmed and the sentence of the defendants under § 17-300.8 is reversed.

Affirmed in part,

Reversed in part.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.