747 S.E.2d 677

**The STATE, Respondent,**

**v.**

**Greg K. ISAAC, Appellant.**

**Appellate Case No. 2013-001464.**

**No. 27302.**

Supreme Court of South Carolina.

Submitted Aug. 7, 2013.

Decided Aug. 21, 2013.

Mark E. Schnee, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka; Solicitor Daniel E. Johnson, and Deputy Solicitor Kathryn Campbell Hubbird; all of Columbia, for Respondent.

180

Chief Justice TOAL.

Appellant has appealed the ruling of the trial judge denying his request for a hearing to determine whether he was immune from prosecution under the Protection of Persons and Property Act (the Act).[1] This Court expedited this matter so that it could be decided without an excessive delay of the trial. We dismiss the appeal.

## FACTS

On October 27, 2005, Tavares World, an acquaintance of Appellant's, asked Appellant to help him get money the victim owed to him. According to Appellant, he refused until World pointed a gun at him[2] and threatened to kill him if he did not accompany World to the victim's apartment. Thereafter, Appellant agreed, and World gave him the .380 caliber handgun.

The victim was not at home when Appellant and World first arrived at the victim's apartment,[3] so the pair waited in World's vehicle in the parking lot for fifteen to twenty minutes before seeing the victim returned home. After the victim returned, Appellant and World remained in the vehicle for an additional ten to fifteen minutes before again approaching the victim's apartment.

When Appellant and World subsequently arrived at the victim's apartment door, World beat on and kicked the door to the victim's apartment until it opened. World entered the victim's apartment yelling "where my money at?," while Appellant initially remained outside. During the ensuing fight between World and the victim, Appellant entered the victim's apartment and attempted to intervene. When Appellant's attempts to diffuse the situation were unsuccessful, Appellant exited the victim's apartment but remained nearby, directly outside the apartment's door. Thereafter, Appellant saw World running from the victim's apartment with the victim

1. S.C.Code §§ 16–11–410 to –450 (Supp.2012).

2. According to Appellant, World was armed with two guns—a nine millimeter and a .380 caliber handgun.

3. According to Appellant, upon initially arriving at the victim's apartment complex, Appellant and World got out of the car and "walked by the [victim]'s house ... looking all through the windows."

chasing him. Although Appellant had not seen World or the victim draw a gun during the altercation, Appellant subsequently drew the .380 caliber handgun World had given him and shot the victim three times. The victim fell to the ground and died. World and Appellant then fled the apartment and were not apprehended until 2012.[4]

Appellant was indicted for murder, first degree burglary, attempted armed robbery, and criminal conspiracy. At the beginning of trial, Appellant moved for a hearing to determine whether he was immune from prosecution under the Act. Despite Appellant's contention that he was not afforded a hearing, the able trial judge held a full hearing, at which Appellant testified, and determined the Act did not apply to this case as a matter of law. Specifically, the trial judge found the intent of the Act "is not to protect intruders and [afford] any immunity or protection to intruders or those who might enter the dwelling of another to commit a criminal act." Accordingly, the trial judge denied Appellant's request for immunity.

## APPEALABILITY

■ Appellant asserts the order of the trial judge denying his request for immunity under the Act is immediately appealable. We disagree.

The right to appeal a criminal conviction is conferred by section 14–3–330 of the South Carolina Code. In order to exercise the right to appeal, a defendant must come within the terms of the statute. *State v. Miller*, 289 S.C. 426, 427, 346 S.E.2d 705, 706 (1986). An order denying a request for immunity under the Act does not fall within any category of orders which are immediately appealable under section 14–3–330.

■ Pursuant to section 14–3–330, an immediate appeal may be taken in a law case from:

---

4. Appellant was arrested in April 2012 after a fingerprint found on a lamp inside the victim's apartment matched Appellant's. Despite Appellant's contention that he agreed to accompany World only as a result of duress, at no time in the intervening seven years did Appellant contact law enforcement regarding the incident.

(1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; *provided,* that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from;

(2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action;

(3) A final order affecting a substantial right made in any special proceeding or upon a summary application in any action after judgment; and

(4) An interlocutory order or decree in a court of common pleas granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver.

This Court concluded in *State v. Duncan,* 392 S.C. 404, 709 S.E.2d 662 (2011), that an order **granting** a motion to dismiss on the ground that the defendant is immune under the Act is immediately appealable. Although we indicated in *Duncan* that an immediate appeal is allowed because the order is in the nature of an injunction, we now clarify that an order granting a request for immunity under the Act is immediately appealable because it is a final order in the case.[5] However, an order **denying** a request for immunity is not a final order in the case.

---

**5.** We note that an injunction is an equitable remedy available only when there is no adequate remedy at law. *See Strategic Res. Co. v. BCS Life Ins. Co.,* 367 S.C. 540, 545, 627 S.E.2d 687, 689 (2006) (noting an appeal is an adequate remedy at law, which precludes injunctive relief). Further, a criminal action is one at law and one which can be appealed following conviction and sentencing. See *State v. Thrift,* 312 S.C. 282, 292, 440 S.E.2d 341, 347 (1994) (noting a criminal action is one at law); *State v. Miller,* 289 S.C. 426, 346 S.E.2d 705 (1986) (noting that a criminal defendant may appeal after a sentence has been imposed).

■ An order involving the merits "must finally determine some substantial matter forming the whole or a part of some cause of action or defense." *Mid–State Distrib., Inc. v. Century Imp., Inc.,* 310 S.C. 330, 334, 426 S.E.2d 777, 780 (1993). An order denying an immunity request is not an order involving the merits in that it does not finally determine a substantial cause of action or defense. Accordingly, it is not immediately appealable under section 14–3–330(1).

■ Further, an order denying a motion to dismiss under the Act is not an interlocutory order or decree in a court of common pleas granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver under section 14–3–330(4).

This Court has held that, generally, a criminal defendant may not appeal until sentence is imposed. *See In re Lorenzo B.,* 307 S.C. 439, 439, 415 S.E.2d 795 (1992) (an order adjudicating a juvenile delinquent is not appealable until imposition of final judgment at the dispositional hearing); *Parsons v. State,* 289 S.C. 542, 542, 347 S.E.2d 504, 504 (1986) (denial of bail pending trial is not immediately appealable); *Miller,* 289 S.C. at 427, 346 S.E.2d at 706 (denial of a claim of double jeopardy is not immediately appealable); *State v. Washington,* 285 S.C. 457, 458, 330 S.E.2d 289, 289 (1985) (a conviction at a trial in absentia prior to imposition of sentence is not immediately appealable); *State v. Dingle,* 279 S.C. 278, 282, 306 S.E.2d 223, 225 (1983), *abrogated on other grounds, Horton v. California,* 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990) (an order committing the defendant to the Department of Mental Health is not immediately appealable); *State v. Hubbard,* 277 S.C. 568, 569, 290 S.E.2d 817, 817 (1982) (the denial of a motion to suppress evidence is not immediately appealable); *State v. Lockhart,* 275 S.C. 160, 161, 267 S.E.2d 720, 720 (1980) (an order transferring jurisdiction over a juvenile from family court to general sessions court is not immediately appealable); *State v. Parker,* 267 S.C. 317, 323, 227 S.E.2d 677, 679 (1976) (the denial of a motion to quash an indictment is not immediately appealable).

■ As stated in *State v. Hughes:*
It is a bad practice, and generally condemned, to hear appeals by piecemeal, especially in criminal cases; for it is

destructive of the prompt administration of justice, which is so essential to the peace of society. To allow appeals to be heard from such preliminary rulings would enable a party charged with the most serious crime always to secure a continuance, when otherwise not entitled to it, by simply moving to quash the indictment, and, when his motion is overruled, give notice of appeal from such ruling, and thereby stop the trial....

56 S.C. 540, 35 S.E. 214, 215 (1900).

The denial of a request for immunity under the Act is analogous to the denial of a motion to dismiss a criminal case on the ground of double jeopardy, which is not immediately appealable. *Miller*, 289 S.C. at 427, 346 S.E.2d at 706. Absent an unambiguous expression of legislative intent, we see no reason to alter settled law concerning appealability, which additionally would have the illogical effect of elevating a statutory immunity claim over one constitutionally based.

Appellant cites *State v. Marin*, 745 S.E.2d 148 (S.C.Ct.App. 2013), for his argument that he cannot preserve the issue for review unless he immediately appeals the ruling of the trial judge in this matter. However, *Marin* does not require an immediate appeal from the denial of a request for immunity. That decision refers only to the fact that the determination is made prior to trial. The *Marin* decision does not purport to create a right to an immediate appeal when the circuit court determines a defendant is not entitled to immunity. Instead, any error in the denial of a request for immunity from prosecution may be raised on appeal after conviction and sentencing based on the plain language of section 14–3–330(1).

The concurring opinion claims the General Assembly clearly manifested its intent in the Act to dictate an immediate appeal from the denial of a motion for immunity, transforming the Act's purpose in finding an unmistakable expression of legislative intent to mandate an immediate appeal from the denial of an accused's motion pursuant to the Act. In doing so, the concurrence suggests that the prefatory language of the Act allows this Court to interpret section 14–3–330 to create a nonexistent right to immediate appeal based on a denial of immunity under the Act. We have no quarrel with the concurring opinion's reading of the purpose of the Act. However, we

do part company with the concurrence in its extrapolation of a legislatively mandated immediate appeal from the denial of an immunity motion under the Act. The suggestion that such legislative intent is clear from the statutory language borders on frivolity. Indeed, there are many matters on which the Act is silent, which this Court sought to answer in *State v. Duncan*, 392 S.C. 404, 709 S.E.2d 662 (2011). As noted in *Duncan*, "the Act does not explicitly provide a procedure for determining immunity." If the concurring opinion's clairvoyance is correct, we invite the General Assembly to amend the Act to reflect its intent to allow an immediate appeal in clear terms.

Further, the concurring opinion's reliance on section 14–3–330(4), which allows an immediate appeal from an order granting or denying an injunction, is misplaced as that section only applies *"in the court of common pleas."* Although the General Assembly specifically references the court of general sessions in section 14–3–330(1), it did not provide for immediate appeals in cases similar in nature to an injunction in general sessions court. We cannot see how the legislative intent set forth in section 16–11–410 justifies the concurring opinion's extrapolation of the clear and unambiguous language in section 14–3–330(4), referring only to "a court of common pleas," to also include a court of general sessions.

■ In conclusion, the language in *State v. Duncan* addressing appealability was dicta and regrettable. We, therefore, clarify *State v. Duncan*, and hold the denial of a request for immunity under the Act is not immediately appealable.[6]

---

6. In light of the concurring opinion's reference to extraordinary writs, we caution the Bench and the Bar that such writs are aptly named, as they are intended only for the most *extraordinary* and exceptional situations. *See In re Breast Implant Prod. Liab. Litig.*, 331 S.C. at 543, 503 S.E.2d at 447 ("Although we will not generally accept matters on a writ of certiorari that can be entertained in the trial court or on appeal, a writ of certiorari may be issued when exceptional circumstances exist."). We stress that denial of immunity under the Act will not meet this high threshold absent a showing of truly extraordinary circumstances, and we seek to discourage unsuccessful defendants from seeking such writs.

We further note that, in South Carolina, a writ of prohibition is not an appropriate remedy for criminal defendants denied immunity under the Act. This is so because "it has been settled in this state from an

## RETROACTIVITY

■  Although Appellant was not arrested until April 2012, and his trial did not commence until July 8, 2013, the crimes with which he was charged were committed on October 27, 2005. The effective date of the Act is June 9, 2006. Appellant contends that the Act should be applied retroactively since his trial began after the effective date of the Act.

■  The retrospective application of a statute is not favored, and statutes are presumed to be prospective in effect. *State v. Dickey,* 380 S.C. 384, 404, 669 S.E.2d 917, 928 (Ct.App.2008), *rev'd on other grounds,* 394 S.C. 491, 716 S.E.2d 97 (2011). Legislative intent is paramount in determining whether a statute will have prospective or retroactive application. *Jenkins v. Meares,* 302 S.C. 142, 146, 394 S.E.2d 317, 319 (1990). A statute is not to be applied retroactively unless that result is so clearly compelled as to leave no room for doubt. *Am. Nat. Fire Ins. Co. v. Smith Grading & Paving,* 317 S.C. 445, 448, 454 S.E.2d 897, 899 (1995).

As stated by the Court of Appeals in *State v. Bolin,* 381 S.C. 557, 673 S.E.2d 885 (Ct.App.2009), there is no evidence of legislative intent that the Act be applied retroactively. Instead, the savings clause of the Act specifically indicates the General Assembly's intent that the Act be applied prospectively. Section 4 of the Act provides:

> The repeal or amendment by this act of any law, whether temporary or permanent or civil or criminal, does not affect pending actions, rights, duties, or liabilities founded thereon, or alter, discharge, release or extinguish any penalty, forfeiture, or liability incurred under the repealed or amended law, unless the repealed or amended provision shall so expressly provide. After the effective date of this act, all laws repealed or amended by this act must be taken and

early period that ... if the inferior court or tribunal has jurisdiction of the person and subject-matter of the controversy, the writ [of prohibition] will not lie to correct errors and irregularities in procedure, or to prevent an erroneous decision...." *New South Life Ins. Co. v. Lindsay,* 258 S.C. 198, 199–200, 187 S.E.2d 794, 796 (1972) (quoting *Ex Parte Jones,* 160 S.C. 63, 158 S.E. 134, 137 (1931)). "There is no dispute that the circuit court qualifies as a court of general criminal jurisdiction under the South Carolina Constitution." *State v. Odom,* 382 S.C. 144, 150, 676 S.E.2d 124, 127 (2009) (citing S.C. Const. art. V, § 11).

treated as remaining in full force and effect for the purpose of sustaining any pending or vested right, civil action, special proceeding, criminal prosecution, or appeal existing as of the effective date of this act, and for the enforcement of rights, duties, penalties, forfeitures, and liabilities as they stood under the repealed or amended laws.

Act No. 379, § 4, 2006 S.C. Acts 2913.

This identical savings clause was the basis for this Court's decisions in *State v. Dawson*, 402 S.C. 160, 740 S.E.2d 501 (2013), and *State v. Brown*, 402 S.C. 119, 740 S.E.2d 493 (2013). In both *Dawson* and *Brown*, we held the General Assembly did not intend for amended versions of statutes defining crimes and the penalties to be applied retroactively; rather, the law in effect at the time the crimes were committed controlled. Similarly, by stating that the Act is to have no effect on pending actions, criminal prosecutions, rights, duties, or liabilities, and that all laws repealed or amended by the Act must be treated as remaining in full force and effect, the General Assembly clearly specified the Act is to be applied prospectively.

Because the savings clause indicates the General Assembly did not intend for the Act to affect the rights and liabilities in effect prior to its enactment, Appellant cannot claim the benefit of the extension of the law.

## CONCLUSION

Because the General Assembly did not intend for the Act to apply to a shooting that occurred prior to the Act's effective date and because the denial of a defendant's request for immunity under the Act is an interlocutory order not subject to immediate appeal, this appeal is dismissed and the matter is remanded for trial.

**DISMISSED.**

BEATTY, KITTREDGE, and HEARN, JJ., concur.

PLEICONES, J., concurring in separate opinion.

188

Justice PLEICONES.

I concur in the decision to dismiss this appeal because the Act does not apply retroactively and thus appellant is not entitled to invoke its protections. *E.g. State v. Dawson*, 402 S.C. 160, 740 S.E.2d 501(2013). I would hold, however, that a pretrial order denying immunity under the Act is immediately appealable under S.C.Code Ann. § 14–3–330(4) (Supp.2012) because it is in the nature of an injunction.[7]

The General Assembly, as is its prerogative, has codified and modified what was at common law a defense, and instructed that a person who establishes that defense may not be criminally prosecuted. The legislature has unequivocally expressed its intent that persons who are rightfully within the Act's terms are immune from prosecution. Section 16–11–420 of the Act is titled "Intent and Findings of General Assembly," and provides in part:

> The General Assembly finds that it is proper for law-abiding citizens to protect themselves, their families, and others from intruders and attackers **without fear of prosecution** or civil action for acting in defense of themselves and others.
> § 16–11–420(B) (Supp. 2012) (emphasis supplied).

Lest there be any doubt of the legislature's intent, § 16–11–450 of the Act is titled in part "Immunity from criminal prosecution. . . ." and provides in relevant part "A person who uses deadly force as permitted by the provisions of this article or another applicable provision of law is justified in using deadly force and **is immune from criminal prosecution**. . . ." § 16–11–450(A) (Supp. 2012) (emphasis supplied). In my view, we can honor the General Assembly's clear mandate only if we can review any pre-trial denial of criminal immunity for reversible error, for to require a defendant wrongly denied immunity to endure a criminal prosecution is to violate the statutory injunction.

I readily acknowledge that an order denying a criminal defendant pre-trial immunity does not fit neatly within our general appealability jurisprudence. In order to effectuate the General Assembly's explicit instruction, I would read the

---

7. The Court of General Session has subject matter jurisdiction to issue injunctions where necessary to protect its proceedings. *Ex parte: The State–Record Co., Inc.*, 332 S.C. 346, 504 S.E.2d 592 (1998).

term "common pleas" in § 14–3–330(4), allowing immediate appeals from injunctions, as "trial court" in order to permit this interlocutory appeal from the Court of General Sessions.[8] This broad reading of the statute is not unique, however, as the appellate courts regularly apply § 14–3–330, which by its title only governs law cases, to equity matters arising from the family courts. *E.g. Terry v. Terry*, 400 S.C. 453, 734 S.E.2d 646 (2012); *Smith v. Smith*, 359 S.C. 393, 597 S.E.2d 188 (Ct.App.2004).

It is the legislature's prerogative to dictate appealability, and the intent that a person within the Act's terms be immune from criminal prosecution is clear and unequivocal. I therefore respectfully dissent from the decision holding that a criminal defendant denied immunity must nonetheless submit to prosecution and, if convicted, then seek review of the order denying him the very protection afforded him under the Act.

---

**8.** In light of the majority's decision that a pretrial order denying a criminal defendant immunity under the Act is not immediately appealable, an individual in that position may now seek relief by filing a common law petition for writ of certiorari in this Court's original jurisdiction. *E.g. City of Columbia v. S.C. Pub. Serv. Comm'n*, 242 S.C. 528, 131 S.E.2d 705 (1963). Depending on the individual's circumstances, it is possible that she may invoke other extraordinary writs to prevent her wrongful criminal prosecution.