**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Kenny Ray Harris, Respondent.

Appellate Case No. 2015-001099

Appeal From Pickens County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2017-UP-060
Submitted November 1, 2016 – Filed January 25, 2017

**REVERSED AND REMANDED**

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Appellant.

Steven Luther Alexander, of Alexander Law Firm, LLC, of Pickens, for Respondent.

**PER CURIAM:** The State appeals the circuit court's reversal of the magistrate court's order reinstating a criminal domestic violence charge against Kenny Ray

Harris that the magistrate had previously dismissed.  Because the magistrate court's order was not immediately appealable, we reverse and remand this case to the magistrate court.  *See Ashenfelder v. City of Georgetown*, 389 S.C. 568, 571, 698 S.E.2d 856, 858 (Ct. App. 2010) ("An appellate court may determine the question of appealability of a decision from a [trial] court as a matter of law."); *Levi v. N. Anderson Cty. EMS*, 409 S.C. 374, 380, 762 S.E.2d 44, 47 (Ct. App. 2014) (stating the appealability of an order can be raised at any time); *State v. Isaac*, 405 S.C. 177, 181, 747 S.E.2d 677, 679 (2013) ("The right to appeal a criminal conviction is conferred by section 14-3-330 of the South Carolina Code."); S.C. Code Ann. § 14-3-330(2) (2017) (providing an immediate appeal may be taken in a law case from "[a]n order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial[,] or (c) strikes out an answer or any part thereof or any pleading in any action"); *Isaac*, 405 S.C. at 183, 747 S.E.2d at 680 ("[G]enerally, a criminal defendant may not appeal until [a] sentence is imposed."); *Shields v. Martin Marietta Corp.*, 303 S.C. 469, 470, 402 S.E.2d 482, 483 (1991) ("Avoidance of trial is not a 'substantial right' entitling a party to immediate appeal of an interlocutory order."); *id.* ("The decision on a motion to restore the case to the active docket is not a final judgment and is interlocutory and, therefore, not immediately appealable.").

**REVERSED AND REMANDED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.