**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Johnathan M. Daniels, Appellant,

v.

City of Cayce, Respondent.

Appellate Case No. 2024-000168

———————

Appeal From Lexington County
Debra R. McCaslin, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-092
Submitted January 2, 2026 – Filed February 25, 2026

———————

**AFFIRMED**

———————

Johnathan M. Daniels, of Columbia, pro se.

Danny Calvert Crowe, of Garfield Spreeuwers Law Group, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** Johnathan M. Daniels appeals the circuit court's order dismissing his appeal from the Cayce Municipal Court's (1) denial of Daniels's pretrial motions to quash and dismiss his charges of driving without a license and driving without a vehicle registration, and (2) grant of City of Cayce's (City's) motion to limit evidence and argument before the jury. On appeal, Daniels argues (1) the municipal court erred in failing to grant his motions because City substantially

burdened his religious beliefs and practices, (2) the municipal court did not have jurisdiction over his charges, and (3) he was denied his right to a jury trial. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in dismissing Daniels's appeal because Daniels filed his appeal before a sentence or judgment was imposed by the municipal court. *See State v. Green*, 436 S.C. 492, 494, 872 S.E.2d 869, 869 (Ct. App. 2022) ("Our standard of review in criminal cases is limited to correcting errors of law."); S.C. Code Ann. § 14-25-95 (2017) ("Any party shall have the right to appeal from *the sentence or judgment* of the municipal court to the Court of Common Pleas of the county in which the trial is held." (emphasis added)). The municipal court's rulings on Daniels's and City's motions were not final, could be overturned, and were not immediately appealable. Furthermore, although Daniels asserts he was denied his right to a jury trial as he could not properly present his defense, Daniels was still permitted to present his free exercise of religion defense at a later junction during trial, and he was not denied his right to a jury trial. *See State v. Isaac*, 405 S.C. 177, 183, 747 S.E.2d 677, 680 (2013) ("[G]enerally, a criminal defendant may not appeal until [a] sentence is imposed."); *id.* at 183, 747 S.E.2d at 679 ("An order involving the merits 'must finally determine some substantial matter forming the whole or a part of some cause of action or defense.'" (quoting *Mid-State Distrib., Inc. v. Century Imp., Inc.*, 310 S.C. 330, 334, 426 S.E.2d 777, 780 (1993))); *cf. id.* at 183, 747 S.E.2d at 679 ("An order denying an immunity request [under the Protections of Persons and Property Act] is not an order involving the merits in that it does not finally determine a substantial cause of action or defense."). Additionally, although Daniels asserts these rulings were immediately appealable under section 14-3-330(2) of the South Carolina Code (2017), they did not "prevent[] a judgment from which an appeal might be taken or discontinue[] the action" or "strike[] out an answer or any part thereof or any pleading in any action" because Daniels was not denied his right to a jury trial and could still present his defense and file an appeal if the jury convicted him. *See* § 14-3-330(2) ("The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal . . . (2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action . . . .").[1]

---

[1] Because we hold the circuit court did not err in dismissing Daniels's appeal since the municipal court's rulings were not immediately appealable, we have not addressed Daniels's remaining arguments concerning his free exercise of religion

**AFFIRMED.**[2]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

defense. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an appellate court does not need to address remaining issues when its resolution of a prior issue is dispositive of the appeal).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.