740 S.E.2d 501

**The STATE, Respondent,**

v.

**Serria DAWSON, Appellant.**

**Appellate Case No.2011–193926.**

**No. 27238.**

Supreme Court of South Carolina.

Heard Jan. 9, 2013.

Decided April 3, 2013.

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia, and Solicitor Scarlett A. Wilson, of Charleston, for Respondent.

Chief Justice TOAL.

Serria Dawson (Appellant) pled guilty to breach of trust with fraudulent intent, valued at more than $1,000 but less than $5,000, in violation of Section 16–13–230(B)(2) (2003) (amended 2010) of the South Carolina Code. She was sentenced under the Youthful Offender Act to a term not to exceed six years, suspended upon five years' probation and payment of restitution. Appellant appeals, arguing the circuit

court erred in denying her motion to be sentenced under the Omnibus Crime Reduction and Sentencing Reform Act of 2010, S.C. Acts No. 273 (the Act), which became effective after Appellant committed the crime but before she was sentenced. This Court certified this case for review pursuant to Rule 204(b), SCACR. We affirm.

## FACTUAL/PROCEDURAL HISTORY

In October 2009, Appellant was observed making false refunds to an accomplice while working as a cashier at Walmart. Appellant later confessed to making false refunds on multiple occasions, and with the assistance of two accomplices, defrauding Walmart of approximately $5,000. Appellant indicated she accepted $1,171.55 of the misappropriated funds. An arrest warrant was issued on January 14, 2010, and police ultimately arrested Appellant on January 22, 2010. On June 8, 2010, the grand jury indicted Appellant for breach of trust with fraudulent intent involving an amount between $1,000 and $5,000.

On June 2, 2011, Appellant entered a guilty plea. Prior to the sentencing hearing, Appellant filed a motion to be sentenced pursuant to the Act, which lowered the penalties for breach of trust under section 16–13–230. At the time Appellant committed the crime, section 16–13–230(B)(2) imposed a maximum sentence of five years' imprisonment for a breach of trust involving an amount between $1,000 and $5,000. The Act, which became effective June 2, 2010, amended section 16–13–230 to impose a maximum sentence of thirty days' imprisonment for a breach of trust involving less than $2,000. Appellant argued that although the Act was not in effect at the time she committed the crime, she was nevertheless entitled to be sentenced under its provisions because it took effect prior to sentencing. The circuit court denied Appellant's motion.

## ISSUE PRESENTED

Whether the circuit court erred in denying Appellant's motion to be sentenced under the Act.

## STANDARD OF REVIEW

 In criminal cases, the appellate court sits to review errors of law only. *State v. Jacobs*, 393 S.C. 584, 586, 713 S.E.2d 621, 622 (2011). A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law. *Id.*

## LAW/ANALYSIS

Appellant argues the circuit court erred in denying her motion to be sentenced under the Act. Citing *State v. Varner*, 310 S.C. 264, 265, 423 S.E.2d 133, 134 (1992), Appellant argues a criminal defendant receives the benefit of punishment mitigated by legislative amendment when the amendment becomes effective prior to sentencing. Appellant further contends that although the Act contains a savings clause, it is not clear whether it applies to an amendment that simply substitutes one penalty for another, and thus, the rules of statutory construction require the savings clause be strictly construed against the State. Finally, Appellant asserts legislative intent supports her being sentenced under the Act because the General Assembly intended the Act to reduce recidivism, provide fair and effective sentencing options, and use correctional resources most effectively. We disagree.

The Act's savings clause provides the following:

The repeal or amendment by the provisions of this [A]ct or any law, whether temporary or permanent or civil or criminal, does not affect pending actions, rights, duties, or liabilities founded thereon, or alter, discharge, release, or extinguish any penalty, forfeiture, or liability incurred under the repealed or amended law, unless the repealed or amended provision shall so expressly provide. After the effective date of this [A]ct, all laws repealed or amended by this [A]ct must be taken and treated as remaining in full force and effect for the purpose of sustaining any pending or vested right, civil action, special proceeding, criminal prosecution, or appeal existing as of the effective date of this [A]ct, and for the enforcement of rights, duties, penalties, forfeitures, and liabilities as they stood under the repealed or amended laws.

2010 S.C. Acts No. 273, § 65. Section 66 of the Act, titled, "Time effective," further provides, "Cases and appeals arising or pending under the law as it existed prior to the effective date of this [A]ct are saved." 2010 S.C. Acts No. 273, § 66.

In *Varner*, this Court held that "[i]n the absence of a controlling statute, the common law requires that a convicted criminal receive the punishment in effect at the time he is sentenced, unless it is greater than the punishment provided for when the offense was committed." *See Varner*, 310 S.C. at 265, 423 S.E.2d at 133. Notably, in citing *Varner*, Appellant omits its qualifying language which states this common-law rule applies only *"[i]n the absence of a controlling statute." See id.*

As the Court explained in *State v. Gay*, 343 S.C. 543, 553, 541 S.E.2d 541, 546 (2001) (citing *Varner*, 310 S.C. at 266 n. 3, 423 S.E.2d at 134 n. 3), *abrogated on other grounds, Holmes v. South Carolina*, 547 U.S. 319, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006), "the *Varner* Court indicated that the Legislature could state its intent for new, lesser penalties to take effect based on the date of the crime rather than the date of sentencing." [1] In *Gay*, the defendant was convicted of murder and sentenced to life imprisonment. *Id.* at 545, 541 S.E.2d at 542. At the time the defendant committed the crime, murder carried a mandatory sentence of death or life imprisonment. *Id.* at 552–53, 541 S.E.2d at 546. However, before the defendant was sentenced, the legislature amended the statute to allow for a mandatory minimum thirty-year term of imprisonment as another sentencing option. *Id.* This Court held the defendant was properly sentenced under the law in effect at the time he committed the murder because the legislature expressly stated the sentencing amendment applied prospectively to all crimes committed on or after the date of its enactment. *Id.*

In the instant case, we find the circuit court properly denied Appellant's motion to be sentenced under the Act

---

1. The following cases are overruled to the extent they hold a criminal defendant must be sentenced under the law in effect at the time of sentencing regardless of a controlling statutory provision stating otherwise: *State v. Mansel*, 52 S.C. 468, 468, 30 S.E. 481, 481 (1898); *State v. Cooler*, 30 S.C. 105, 111, 8 S.E. 692, 695 (1889).

because she was prosecuted under the former version of section 16–13–230, and the Act unambiguously states its sentencing amendments do not apply to actions arising under the amended laws. Specifically, the Act's savings clause states the Act "does not affect pending actions" founded on an amended or repealed law "or alter, discharge, release, or extinguish any penalty ... incurred under the repealed or amended law, unless the repealed or amended provision shall so expressly provide." *See* 2010 S.C. Acts No. 273, § 65. The savings clause further provides that "all laws repealed or amended by [the] [A]ct must be taken and treated as remaining in full force and effect for the purpose of sustaining any pending or vested right, ... criminal prosecution, or appeal existing as of the effective date of [the] [A]ct, and for the enforcement of ... penalties ... as they stood under the repealed or amended laws." *Id.* Section 66 of the Act clarifies that all "[c]ases and appeals arising or pending under the law as it existed prior to the effective date of this [A]ct are saved." *Id.* § 66.

Because Appellant committed breach of trust in October 2009—prior to the Act's effective date—her criminal prosecution arose from, and her penalty was incurred under, the former version of section 16–13–230. *See Dorsey v. United States,* —— U.S. ——, 132 S.Ct. 2321, 2330–31, 183 L.Ed.2d 250 (2012) ("[P]enalties are 'incurred' under the older statute when an offender becomes subject to them, *i.e.,* commits the underlying conduct that makes the offender liable.") (citing *Great N. Ry. Co. v. United States,* 208 U.S. 452, 464–70, 28 S.Ct. 313, 52 L.Ed. 567 (1908)); *see also State v. Dickey,* 380 S.C. 384, 405, 669 S.E.2d 917, 928 (Ct.App.2008) (finding an action is "pending" for purposes of a savings clause where the crime occurred before the effective date of the new legislation), *overruled on other grounds,* 394 S.C. 491, 716 S.E.2d 97 (2011). This is made clear by Appellant's arrest warrant, supporting affidavit, and indictment, all of which indicate Appellant was charged with committing a breach of trust involving an amount between $1,000 and $5,000—a monetary range recognized by the former version of section 16–13–230 but not the Act's amended version.

Accordingly, Appellant's reliance on *Varner* is misplaced because the Act states its sentencing amendments do not

apply to criminal prosecutions arising under the amended laws. Like the defendant in *Gay,* Appellant was properly sentenced under the law in effect at the time she committed the crime. *See Gay,* 343 S.C. at 552–53, 541 S.E.2d at 546. Moreover, because the savings clause and section 66 unambiguously detail the Act's prospective application, Appellant may not invoke the rules of statutory construction to imply another meaning. *See State v. Pittman,* 373 S.C. 527, 561, 647 S.E.2d 144, 161 (2007) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has *no right to impose another meaning*.").

## CONCLUSION

We affirm the circuit court's denial of Appellant's motion to be sentenced under the Act because the Act unambiguously states its sentencing amendments do not apply to criminal prosecutions arising under the amended laws.

AFFIRMED.

PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.