**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Kathryn Chestnut King, Appellant.

Appellate Case No. 2014-001250

––––––––––

Appeal From Horry County
Roger M. Young, Sr., Circuit Court Judge

––––––––––

Unpublished Opinion No. 2015-UP-575
Submitted October 1, 2015 – Filed December 30, 2015

––––––––––

**AFFIRMED**

––––––––––

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Staff Attorney Susannah Rawl Cole, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

––––––––––

**PER CURIAM:** Kathryn Chestnut King appeals the circuit court's order requiring her to pay $10,472.97 in restitution to victim Homewood Depot (Homewood),

arguing the circuit court abused its discretion when it determined the final restitution amount without giving her credit for significant payments she made to Homewood in December 2012.

We find the circuit court did not abuse its discretion when it determined the final restitution amount. *See State v. Dawson*, 402 S.C. 160, 163, 740 S.E.2d 501, 502 (2013) ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law."); *State v. Gulledge*, 326 S.C. 220, 228, 487 S.E.2d 590, 594 (1997) ("A restitution hearing is part of the sentencing proceeding . . . ."); *State v. Franklin*, 267 S.C. 240, 246, 226 S.E.2d 896, 898 (1976) (holding a circuit court "has wide discretion in determining what sentence to impose"); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) (stating an abuse of discretion occurs when the circuit court's conclusions lack evidentiary support).

Here, sufficient evidence supported the circuit court's conclusion that Homewood properly credited King for all payments made to Homewood in December 2012, and supported the circuit court's decision to exclude King's December 2012 payments from the final restitution amount of $10,472.97. Specifically, the circuit court considered: (1) King's fraudulent checks to Homewood; (2) Homewood's prepared balance sheets and monthly invoices reflecting King's business transactions with Homewood; and (3) multiple cashier's checks King alleged constituted restitution, which predated the fraudulent checks King wrote to Homewood. Accordingly, the decision of the circuit court is affirmed.

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.