**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christopher Jared Greene, Appellant.

Appellate Case No. 2015-001002

---

Appeal From Orangeburg County
Diane Schafer Goodstein, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-127
Submitted March 1, 2017 – Filed March 22, 2017

---

**AFFIRMED**

---

Nicholas Gray Thomas, of Law Office of Nick Thomas, LLC, of Folly Beach, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Morgan*, 417 S.C. 338, 341, 790 S.E.2d 27, 29 (Ct. App. 2016) ("A sentence will not be overturned absent an abuse of discretion when the ruling

is based on an error of law." (quoting *State v. Dawson*, 402 S.C. 160, 163, 740 S.E.2d 501, 502 (2013))); *State v. Cox*, 326 S.C. 440, 442, 484 S.E.2d 108, 109 (Ct. App. 1997) ("The trial [court] has broad discretion in determining the manner, method, and amount of restitution."); *State v. Bynes*, 304 S.C. 62, 64, 403 S.E.2d 126, 127 (Ct. App. 1991) ("Absent a positive rule limiting this discretion, a [trial court] acts properly in considering restitution for unindicted offenses as a condition of probation as long as the defendant knowingly consents to the [trial court's] consideration of those crimes and there is some evidentiary basis for the amount of restitution ordered."); S.C. Code Ann. § 17-25-322(B)(4) (2014) ("In determining the manner, method, or amount of restitution to be ordered, the [trial] court may take into consideration . . . any burden or hardship upon the victim as a direct or indirect result of the defendant's criminal acts.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.