**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Richard P. Krochmal, Respondent.

Appellate Case No. 2015-001914

Appeal From York County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2018-UP-126
Heard February 6, 2018 – Filed March 21, 2018

**AFFIRMED**

Attorney General Alan McCrory Wilson and Assistant Attorney General Brian T. Petrano, both of Columbia, for Appellant.

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Respondent.

**PER CURIAM:** The State appeals from the circuit court's restitution order requiring Richard Krochmal to repay $30,100 to two clients of his financial planning business. The State argues Krochmal should repay all the fees collected from the clients during the period of Krochmal's misconduct. We affirm pursuant

to Rule 220(b), SCACR, and the following authorities: *State v. Gulledge*, 326 S.C. 220, 228, 487 S.E.2d 590, 594 (1997) ("The restitution hearing is part of the sentencing proceeding."); *State v. Morgan*, 417 S.C. 338, 341, 790 S.E.2d 27, 29 (Ct. App. 2016) ("[A] restitution order is in the nature of a sentence, and the [circuit] court is vested with wide discretion in determining the appropriate sentence for a convicted defendant." (citing *United States v. Anglian*, 784 F.2d 765, 768 (6th Cir. 1986))); *State v. Dawson*, 402 S.C. 160, 163, 740 S.E.2d 501, 502 (2013) ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law."); *Lenz v. Walsh*, 362 S.C. 603, 608, 608 S.E.2d 471, 473 (Ct. App. 2005) ("[G]enerally, a homeowner may not recover payments already made to an unlicensed contractor *merely because the contractor did not hold a license when the contract was executed.*" (emphasis added)); S.C. Code Ann. § 17-25-322(B) (2014) (stating in calculating the amount of restitution, the circuit court may consider "(1) the financial resources of the defendant and the victim and the burden that the manner or method of restitution will impose upon the victim or the defendant; (2) the ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; (3) the anticipated rehabilitative effect on the defendant regarding the manner of restitution or the method of payment; (4) any burden or hardship upon the victim as a direct or indirect result of the defendant's criminal acts; (5) the mental, physical, and financial well-being of the victim"); *State v. Wilson*, 274 S.C. 352, 356, 264 S.E.2d 414, 416 (1980) ("In order for the [circuit court] to properly exercise its discretion and impose a condition of reparation, which is in furtherance of the objective of probation, an evidentiary basis must exist.").

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**