**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4337**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

MIKLE ANTHONY BUTLER,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge.  (4:17-cr-00468-RBH-1)

Submitted:  January 3, 2019                          Decided:  January 23, 2019

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

M. Amanda Harrelson Shuler, WHETSTONE PERKINS & FULDA, Kingstree, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Jamie Lea Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mikle Anthony Butler appeals the 92-month sentence imposed following his guilty plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). On appeal, Butler challenges the procedural reasonableness of his sentence, arguing that the district court erred in: (1) enhancing his base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2016) after classifying his prior state offenses as predicate crimes of violence; and (2) failing to adequately address his arguments for leniency in explaining the basis for his sentence. Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. Ketter*, 908 F.3d 61, 67 (4th Cir. 2018) (internal quotation marks omitted). This reasonableness standard entails review for both procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). In determining procedural reasonableness, we must consider whether the district court committed "significant procedural error," such as improperly calculating the defendant's Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2012) sentencing factors, or inadequately explaining the selected sentence. *Id.*

I.

Butler first argues that the district court erred in concluding that his two prior South Carolina convictions for assault and battery in the second degree were predicate crimes of violence for purposes of USSG § 2K2.1(a)(2). We review de novo whether a prior conviction qualifies as a crime of violence under the Guidelines. *United States v.*

2

*Salmons*, 873 F.3d 446, 448 (4th Cir. 2017). Generally, courts must employ a categorical approach to determine whether a prior offense constitutes a crime of violence, "look[ing] exclusively to the *elements* of the prior offense rather than the *conduct* underlying the particular conviction." *United States v. Barcenas-Yanez*, 826 F.3d 752, 756 (4th Cir. 2016) (internal quotation marks omitted). "[W]here a statute defines multiple crimes by listing multiple alternative elements, which renders the statute divisible," however, we "generally must first apply a 'modified categorical approach' to determine which of the alternative elements are integral to a defendant's conviction." *United States v. Covington*, 880 F.3d 129, 132 (4th Cir.), *cert. denied*, 138 S. Ct. 2588 (2018); *see Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (describing modified categorical approach).

"A predicate offense qualifies as a crime of violence if all of the conduct criminalized by the statute—including the most innocent conduct—matches or is narrower than the Guidelines' definition of crime of violence." *Salmons*, 873 F.3d at 448 (internal quotation marks omitted). "We look to state court decisions to determine the minimum conduct needed to commit an offense," considering conduct that there is "a realistic probability, not a theoretical possibility, that a state would actually punish." *United States v. Doctor*, 842 F.3d 306, 308-09 (4th Cir. 2016) (internal quotation marks omitted).

The Guidelines define a "crime of violence," in pertinent part, as an "offense under federal or state law, punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against

3

the person of another." USSG § 4B1.2(a)(1). "'[P]hysical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). "[P]hysical force" also must be "force exerted by and through concrete bodies as opposed to intellectual force or emotional force." *United States v. Middleton*, 883 F.3d 485, 489 (4th Cir. 2018) (internal quotation marks omitted).

The parties agree on appeal that the district court properly applied the modified categorical approach to conclude that Butler's prior convictions were for violations of S.C. Code Ann. § 16-3-600(D)(1)(a) (2015). Under that section, a defendant commits second degree assault and battery if he "[u]nlawfully injures another person, or offers or attempts to injure another person with the present ability to do so, and . . . moderate bodily injury to another person results or moderate bodily injury to another person could have resulted." *Id.*; *see* S.C. Code Ann. § 16-3-600(A)(2) (2010) (amended 2015) (defining "moderate bodily injury").[1]

---

[1] We previously have recognized in published authority that South Carolina assault and battery of a high and aggravated nature (ABHAN) is not a Guidelines crime of violence or ACCA violent felony under the force clause. *United States v. Montes-Flores*, 736 F.3d 357, 369 (4th Cir. 2013); *United States v. Hemingway*, 734 F.3d 323, 327 (4th Cir. 2013); *see also United States v. Dinkins*, 714 F. A'ppx 240, 242 (4th Cir. 2017) (No. 16-4795) (argued but unpublished per curiam) (addressing South Carolina common law assault and battery). However, those cases addressed common law or earlier statutory forms of assault and battery in effect prior to 2010. The South Carolina General Assembly "abolished all common law assault and battery offenses and all prior statutory assault and battery offenses" in 2010, codifying reformulated versions of attempted murder, ABHAN, and three degrees of assault and battery in S.C. Code Ann. § 16-3-29 (2015) and S.C. Code Ann. § 16-3-600 (2015). *State v. Middleton*, 755 S.E.2d 432, 434 (S.C. 2014); *see State v. King*, 810 S.E.2d 18, 26 (S.C. 2017).

Butler raises two grounds for concluding that this offense is not categorically a crime of violence under the force clause. First, he argues that § 16-3-600(D)(1)(a), on its face, may be committed by exerting only de minimis force. Second, Butler argues that the offense can be committed with a mens rea of only recklessness, relying on the plain language of the statute and *State v. Morgan*, 790 S.E.2d 27 (S.C. Ct. App. 2016).

Butler is correct that an offense that can be satisfied by mere de minimis force does not categorically satisfy the force clause. *See, e.g.*, *United States v. Gardner*, 823 F.3d 793, 803-04 (4th Cir. 2016) (concluding that North Carolina common law robbery was not crime of violence under force clause because state appellate court decisions established that "even minimal contact may be sufficient to sustain a robbery conviction if the victim forfeits his or her property in response"); *United States v. Aparicio-Soria*, 740 F.3d 152, 155 (4th Cir. 2014) (holding that Maryland offense of resisting arrest is not crime of violence under force clause where "[p]recedent from the state's highest court indicates that the force required for conviction . . . is no more than the type of de minimis force constituting an offensive touching"). We also have recognized that the "'[u]se' of force means to act with a mens rea more culpable than negligence." *United States v. Townsend*, 886 F.3d 441, 444-45 (4th Cir. 2018).[2]

---

[2] The Government asserts that this language is mere dicta and encourages us to hold that reckless conduct is sufficient to satisfy the force clause. We need not reach these issues, however, as even assuming that recklessness is insufficient to satisfy the force clause, we conclude that Butler fails to show that § 16-3-600(D)(1)(a) can be satisfied by reckless conduct.

Nevertheless, "litigants must point to the statutory text or to actual cases in order to demonstrate that a conviction for a seemingly violent state crime could in fact be sustained for nonviolent conduct." *Covington*, 880 F.3d at 135 (internal quotation marks omitted). *Morgan* provides scant support for Butler's argument, as it did not purport to uphold the appellant's second degree assault and battery conviction or even discuss the circumstances under which he pled guilty to that offense, rather than the offense with which he was charged. Further, the requirement of "moderate bodily injury" suggests a quantum of force commensurate with the "physical force" requirement articulated in *Johnson*. Having thoroughly considered the parties' submissions, we conclude that Butler's argument falls short of demonstrating "a realistic probability, not a theoretical possibility," that South Carolina would actually punish either de minimis force or reckless conduct as second degree assault and battery. *See Doctor*, 842 F.3d at 308 (internal quotation marks omitted). We therefore find no error in the district court's characterization of Butler's prior offenses as crimes of violence.

II.

Butler next challenges the sufficiency of the district court's explanation for its sentence. Because Butler did not preserve a challenge on this basis in the district court "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed," our review is for plain error. *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010).

A sentencing court must consider the § 3553(a) factors and impose a sentence "sufficient, but not greater than necessary," to satisfy those statutory purposes of

6

sentencing. *United States v. Zuk*, 874 F.3d 398, 408-09 (4th Cir. 2017). The court also is obliged to "meaningfully respond to the parties' nonfrivolous arguments and sufficiently explain the chosen sentence," requirements "intended to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Slappy*, 872 F.3d 202, 207-08 (4th Cir. 2017) (internal quotation marks omitted). The "court need not robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence." *Lynn*, 592 F.3d at 576 (internal quotation marks omitted). However, the court's explanation "must place on the record an individualized assessment based on the particular facts of the case before it," one adequate to "demonstrate that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (alterations and internal quotation marks omitted).

Although the "court's explanation of its sentence need not be lengthy, [it] must offer *some* individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553(a)." *Lynn*, 592 F.3d at 584 (internal quotation marks omitted). "[A] perfunctory recitation of the defendant's arguments or the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). But the "court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response

7

to defense counsel's arguments for a [lower sentence]." *Id.* at 519 (alterations and internal quotation marks omitted). Further, even where the explanation is brief, "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

Our review of the record reveals no error, plain or otherwise, in the court's explanation. Although the court did not robotically tick through the § 3553(a) factors or specifically identify counsel's arguments, its explanation readily demonstrates its consideration of the pertinent sentencing factors and arguments in Butler's case. The court expressly discussed the nature, circumstances, and seriousness of Butler's offense and Butler's history and characteristics, emphasizing his markedly lengthy criminal history for someone of his relative youth.

Butler asserts that the court failed to adequately address his arguments for leniency, including his early history, lack of meaningful rehabilitative treatment during his prior jail sentences, and recent mental health diagnosis. However, Butler did not frame these considerations as grounds for imposing a more lenient sentence. Nor did he explicitly request leniency from the court. Instead, Butler and his counsel repeatedly emphasized that he was ready to accept and learn from his sentence, and they relied on his lack of prior rehabilitative services and need for mental health and substance abuse treatment in support of their requests that Butler receive all of the rehabilitative services available to him while in prison. The court granted Butler precisely what he requested, recommending him for the full panoply of services while incarcerated. It engaged with

8

Butler's counsel during counsel's argument regarding Butler's criminal history, and it explained that it had considered sentencing Butler to a lengthier term but declined to do so, relying explicitly on the nature of his prior sentences. Viewed in this context, the court's explanation demonstrates its consideration of Butler's arguments for leniency and reasons for imposing a sentence at the bottom of the Guidelines range. *See Blue*, 877 F.3d at 521 (recognizing that reviewing court may infer sentencing court's consideration of sentencing argument where "the court engages counsel in a discussion about that argument" or "the sentence imposed is explicitly tailored to address a defendant's individual characteristics, such as requiring substance abuse treatment for defendants who struggle with drug and alcohol abuse issues"). We therefore discern no abuse of discretion on this basis.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*