**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Carissa Marche Weaver-Lawrence, Appellant.

Appellate Case No. 2017-001207

———————

Appeal From Beaufort County
D. Craig Brown, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-076
Submitted January 1, 2019 – Filed February 13, 2019

———————

**AFFIRMED**

———————

Appellate Defender Taylor Davis Gilliam, of Columbia
for Appellant.

Attorney General Alan McCrory Wilson, and Senior
Assistant Deputy Attorney General Deborah R.J. Shupe,
both of Columbia; and Solicitor Isaac McDuffie Stone,
III, of Bluffton, for Respondent.

———————

**PER CURIAM:** Carisa Marche Weaver-Lawrence appeals the imposition of $8,813.82 in restitution following her guilty plea for breach of trust with fraudulent intent in the amount of more than two thousand dollars, but less than ten thousand

dollars. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dawson*, 402 S.C. 160, 163, 740 S.E.2d 501, 502 (2013) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law."); *State v. Gulledge*, 326 S.C. 220, 229, 487 S.E.2d 590, 594 (1997) ("The restitution hearing is part of the sentencing proceeding."); S.C. Code Ann. § 17-25-322(A) (2014) ("When a defendant is convicted of a crime which has resulted in pecuniary damages or loss to a victim, the [circuit] court must hold a hearing to determine the amount of restitution due the victim or victims of the defendant's criminal acts."); *State v. Cox*, 326 S.C. 440, 442, 484 S.E.2d 108, 109 (Ct. App. 1997) ("The [circuit court] has broad discretion in determining the manner, method, and amount of restitution."); S.C. Code Ann. § 17-25-322(C) (2014) (requiring the circuit court to "stat[e] its findings and the underlying facts and circumstances of them" in a restitution order); *Gulledge*, 326 S.C. at 228, 487 S.E.2d at 594 (providing "the [circuit] court may consider information which may be inadmissible under evidentiary rules" during a restitution hearing because "[a] restitution hearing is part of the sentencing proceeding"); *State v. Franklin*, 267 S.C. 240, 246, 226 S.E.2d 896, 898 (1976) (providing "a [circuit court] may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information [it] may consider or the source from which [the information] may come," to assist it in determining the sentence to be imposed); *Gulledge*, 326 S.C. at 230, 487 S.E.2d at 595 ("Further, the evidence admitted during the restitution hearing must be reliable and trustworthy.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.