**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Matthew Jacob (Jake) Eder, Appellant.

Appellate Case No. 2017-002606

———————

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-354
Submitted October 1, 2019 – Filed November 6, 2019

———————

**AFFIRMED**

———————

Appellate Defender Wanda H. Carter and Appellate Defender LaNelle Cantey DuRant of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R. J. Shupe, both of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson, all for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dawson*, 402 S.C. 160, 163, 740 S.E.2d 501, 502 (2013) ("In

criminal cases, the appellate court sits to review errors of law only."); *State v. Morgan*, 417 S.C. 338, 341, 790 S.E.2d 27, 29 (Ct. App. 2016) ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law." (quoting *State v. Dawson*, 402 S.C. 160, 163, 740 S.E.2d 501, 502 (2013))); *State v. Gulledge*, 326 S.C. 220, 229, 487 S.E.2d 590, 594 (1997) ("The restitution hearing is part of the sentencing proceeding."); *State v. Cox*, 326 S.C. 440, 442, 484 S.E.2d 108, 109 (Ct. App. 1997) ("The trial [court] has broad discretion in determining the manner, method, and amount of restitution."); S.C. Code Ann. § 17-25-322(B) (2014) ("In determining the manner, method, or amount of restitution to be ordered, the court *may* take into consideration the following: (1) the financial resources of the defendant and the victim and the burden that the manner or method of restitution will impose upon the victim or the defendant; (2) the ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; (3) the anticipated rehabilitative effect on the defendant regarding the manner of restitution or the method of payment; (4) *any burden or hardship upon the victim as a direct or indirect result of the defendant's criminal acts*; (5) the mental, physical, and financial well-being of the victim." (emphasis added)).

**AFFIRMED.**[1]

**SHORT, THOMAS, AND GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.