**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deonte Brown, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-002269

_____

Appeal From Charleston County
Roger M. Young, Circuit Court Judge
Michael G. Nettles, Post-Conviction Relief Judge

_____

Unpublished Opinion No. 2020-UP-284
Submitted September 1, 2020 – Filed October 7, 2020

_____

**AFFIRMED**

_____

Tommy Arthur Thomas, of Irmo, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia, for Respondent.

_____

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR). Because there is sufficient evidence to support the PCR judge's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari as to this

question and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).  We deny certiorari on Petitioner's remaining questions.

On direct appeal, Petitioner argues the trial court erred in (1) allowing testimony of Investigator Kenny Barfield regarding statements allegedly made by Chavis Heyward under Rule 613(b) of the South Carolina Rules of Evidence and (2) allowing the State to present still video frames from a surveillance video to the jury in its closing arguments that were not introduced into evidence.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The trial court did not err in allowing into evidence the testimony of Investigator Barfield regarding the statements allegedly made by Chavis Heyward under Rule 613(b), SCRE because Investigator Barfield's testimony was admissible as extrinsic evidence of Heyward's prior inconsistent statement.  *See State v. Dawson*, 402 S.C. 160, 163, 740 S.E.2d 501, 502 (2013) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001) ("The admission or exclusion of evidence is left to the sound discretion of the [trial court], whose decision will not be reversed on appeal absent an abuse of discretion."); *State v. Scott*, 414 S.C. 482, 486, 779 S.E.2d 529, 531 (2015) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." (quoting *State v. Laney*, 367 S.C. 369, 643-44, 627 S.E.2d 726, 729 (2006)).  Here, Heyward was advised of the substance of the statement, the time and place the statement was made, to whom the statement was given, and he denied having made the statement.  *See* Rule 613(b), SCRE ("Extrinsic evidence of a prior inconsistent statement is admissible only if the witness is advised of the substance of the statement, the time and place it was given, and to whom the statement was made, and is given a chance to explain or deny the statement.").

2. The trial court did not err in allowing the State to present still frames from the surveillance video to the jury during closing argument.  *See Clark v. Cantrell*, 339 S.C. 369, 383, 529 S.E.2d 528, 535 (2000) ("Demonstrative evidence includes items such as a photograph, chart, diagram, or video animation that explains or summarizes other evidence and testimony.); *id.* ("Such evidence has secondary relevance to the issues at hand; it is not directly relevant, but must rely on other material testimony for relevance."); *id.* ("Demonstrative evidence is distinguishable from exhibits that compromise 'real' or substantive evidence, such as the actual murder weapon or a written document containing allegedly defamatory statements."); *id.* ("Demonstrative evidence often is admitted only for use in the

courtroom to explain and illustrate a witness's testimony, but it also may be admissible as an exhibit for the jury to examine and consider during deliberations.").  Here, the State used the still video frames to summarize the entire surveillance video, which had already been admitted into evidence.  The trial court did not allow the still frames to go back with the jury, and Petitioner used the same video and paused it throughout his closing argument.

**AFFIRMED.** [1]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.